1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

8

9  EDWARD J. BARRY, individually and on
10  behalf of himself and persons similarly
   situated,

11          Plaintiff,

12  vs.

13  HERC RENTALS INC., a foreign
14  corporation,

15          Defendant.

16

Case No. 3:23-cv-05843

**DEFENDANT HERC RENTALS INC.'S NOTICE OF REMOVAL**

[Clerk's Action Required]

17  **TO:          CLERK OF THE COURT**

18  **AND TO:     PLAINTIFF EDWARD J. BARRY AND HIS ATTORNEY OF RECORD**

19          PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendant

20  Herc Rentals Inc. ("Herc Rentals") hereby removes the instant action from the Pierce County

21  Superior Court for the State of Washington, Case No. 23-2-09008-5, to the United States District

22  Court for the Western District of Washington, Tacoma Division, on the distinct grounds of

23  diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(b). This Notice of Removal is supported by the

24  Declaration of Adam T. Pankratz ("Pankratz Decl."); and the Declaration of Melinda Myers

25  ("Myers Decl.") filed concurrently herewith, and Defendant's statements of facts and arguments

26  below.

DEFENDANT HERC RENTALS INC.'S
NOTICE OF REMOVAL - 1
Case No. 3:23-cv-05843

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## I.    **BACKGROUND**

1.      On or about August 16, 2023, Plaintiff Edward J. Barry caused to be filed a new Class Action Complaint for Damages ("Complaint") in this action in the Pierce County Superior Court for the State of Washington, captioned *Edward J. Barry, individually and on behalf of all those similarly situated v. Herc Rentals, Inc., a foreign corporation.* In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit 1 to this Notice of Removal and as Exhibit 1 to the Declaration of Adam T. Pankratz ("Pankratz Decl.") at ¶ 2.

2.      On August 16, 2023, Plaintiff filed his Summons to Defendant with the Pierce County Superior Court. Pankratz Decl. at ¶ 3, Ex. 2.

3.      On August 16, 2023, Plaintiff filed a true and correct copy of the Case Information Cover Sheet for his Complaint. Pankratz Decl. at ¶ 4, Ex. 3.

4.      On August 16, 2023, the Pierce County Superior Court Clerk entered an Order Setting Original Case Schedule. *Id.* at ¶ 5, Ex. 4.

5.      On August 22, 2023, Plaintiff filed his Declaration of Service of Summons and Complaint, showing service upon Defendant on August 17, 2023. *Id.* at ¶ 6, Ex. 5.

6.      On August 25, 2023, Plaintiff filed his Confirmation of Service upon all Defendant(s) in the Pierce County Superior Court. *Id.* at ¶ 7, Ex. 6.

7.      On September 1, 2023, Adam T. Pankratz and Arianna L. Gardner filed a Notice of Appearance on behalf of Herc Rentals in the Pierce County Superior Court. *Id.* at ¶ 8, Ex. 7.

8.      The foregoing Exhibits 1-7 constitute all of the process, pleadings, and orders either served upon Defendant or filed in this action. *Id.* at ¶ 9.

9.      The deadline for Defendant to remove this action has not expired since Defendant received the Summons and Complaint. Defendant has not voluntarily invoked or submitted to the jurisdiction of the Pierce County Superior Court of the State of Washington in any manner. Pankratz Decl. at ¶ 10.

DEFENDANT HERC RENTALS INC.'S
NOTICE OF REMOVAL - 2
Case No. 3:23-cv-05843

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    10.    No further proceedings have been had in the state court as of the date of this Notice.

*Id.*

## II.    **DIVERSITY JURISDICTION**

11.    District courts have jurisdiction for civil actions where: (A) the controversy is between citizens of different states; and (B) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).   It is the removing party's burden to establish that removal is proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1106-07 (9th Cir. 2010) (internal citations omitted).  Each element of diversity jurisdiction is addressed below.

### A.    **Complete Diversity of Citizenship.**

12.    Plaintiff and Defendant are citizens of different states.  28 U.S.C. § 1332.

(a)    For diversity of citizenship purposes, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff pled in his Complaint that he is a resident of Tacoma, Washington.  Pankratz Decl. ¶ 2, Ex. 1.

(b)    "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business."  28 U.S.C. § 1332(c). The Supreme Court of the United States established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).  The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*. at 80–81. The Court clarified that the principal place of business can be the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."  *Id.*

DEFENDANT HERC RENTALS INC.'S
NOTICE OF REMOVAL - 3
Case No. 3:23-cv-05843

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

(c)    Here, Herc Rentals is incorporated in Delaware, and has its principal place of business in Bonita Springs, Florida, where its administrative and executive functions occur. Myers Decl., ¶ 3.

(d)    Thus, for diversity purposes, Herc Rentals must be considered a citizen of the states of Delaware and Florida.  *Id.*

13.    Based upon the foregoing, there is complete diversity of citizenship between Plaintiff, who is a citizen of Washington, and Defendant, which is a citizen of Delaware and Florida.

**B.    Amount in Controversy.**

14.    The amount in controversy must exceed $75,000.  28 U.S.C. § 1332.

15.    In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980–81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir. 1998).  The amount in controversy includes all future damages the plaintiff would be entitled to upon resolution of the case in his favor.  *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018).

16.    Defendant has the burden of showing that it is more likely than not that the jurisdictional threshold is in controversy.  *Sanchez,* 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 at 2 (E.D. Cal. May 1, 2007) (*quoting McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

17.    In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Thus,

DEFENDANT HERC RENTALS INC.'S
NOTICE OF REMOVAL - 4
Case No. 3:23-cv-05843

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1   the Court should assume that Plaintiff will prevail on his statutory claims that include attorneys'

2   fees, costs, and expenses.

3       18.    The Court considers all recoverable damages, including statutory penalties and

4   attorneys' fees. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977);

5   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Sec. Pac. Fin'l*

6   *Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). These damages include the amount that can

7   reasonably be anticipated at the time of removal, not merely those already incurred. *Fritsch v. Swift*

8   *Transp. Co. of Ariz., LLC*, 899 F.3d 785, 787 (9th Cir. 2018) ("We conclude that if a plaintiff would

9   be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation

10  and should be included in the amount in controversy."); *Simmons v. PCR Tech.*, 209 F. Supp. 2d

11  1029, 1035 (N.D. Cal. 2002) ("Such fees necessarily accrue until the action is resolved.").

12      19.    Under 28 U.S.C. § 1446(c), Herc Rentals has a reasonable good-faith belief that

13  Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. Plaintiff alleges he

14  is entitled to "Statutory Damages of $5,000 for Plaintiff and each putative class member pursuant

15  to RCW 49.62.080;" "Individual Statutory Damages of $10,000 pursuant to RCW 49.44.211;"

16  "Attorneys' fees and costs pursuant to RCW 49.62.080 and 49.44.211;" and "Such other and

17  further relief as the Court deems just and proper." Pankratz Decl. ¶ 2, Ex. 1, Prayer for Relief.

18  Accordingly, this Court may consider whether it is facially apparent from the Complaint that it is

19  more likely than not that the jurisdictional amount of $75,000 is in controversy. *Singer*, 116 F.3d

20  at 377 (9th Cir. 1997); *Sanchez*, 102 F.3d at 404. In this case, it is more likely than not that the

21  amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the

22  following allegations and evidence:

23      20.    The Ninth Circuit has explained that "amount in controversy" means "the amount

24  at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th

25  Cir. 2018). "The amount at stake" is all relief the plaintiff would be entitled to receive through the

26  date of trial. *Id.* at 418. Furthermore, mitigation is an affirmative defense, and therefore, it is

1    disregarded for purposes of determining the amount in controversy. *See Geographic Expeditions*,

2    599 F.3d at 1108. "[I]f a district court had to evaluate every possible defense that could reduce

3    recovery below the jurisdictional amount the district court would essentially have to decide the

4    merits of the case before it could determine if it had subject matter jurisdiction." *Id.* (emphasis

5    added). The likelihood of recovery is not part of the amount-in-controversy analysis. *Chavez*, 888

6    F.3d at 417–18; *see also Molina v. Target Corp.*, 2018 WL 3935347 at \*3 (C.D. Cal. 2018) (citing

7    cases and disregarding mitigation); *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344 at \*3

8    (C.D. Cal. 2014) (quoting *St. Paul Mercury Indem. Co.* and disregarding mitigation); *Lara v.

9    Trimac Transp. Services (Western) Inc.*, 2010 WL 3119366 at \*3 (C.D. Cal. 2010) (citing *St. Paul

10   Mercury Indem. Co.* and concluding "affirmative defenses, counterclaims, and potential offsets

11   may not be invoked to demonstrate the amount-in-controversy is actually less than the

12   jurisdictional minimum").

13       21.    **Statutory Damages.** Plaintiff first seeks statutory damages of $5,000 for Plaintiff

14   and each putative class member pursuant to RCW 49.62.080, which provides that if a court

15   determines that a noncompetition covenant violates RCW 49.62, the violator must pay the

16   aggrieved person the greater of his or her actual damages or a statutory penalty of $5,000. RCW

17   49.62.080(2).

18       (a)    In Plaintiff's Complaint, he seeks to represent all individuals employed by

19   Herc Rentals at "any time on or after August 17, 2020; were compensated at an annual rate of less

20   than $101,390 in 2021, less than $107,301.04 in 2022, and/or less than $116,593.18 in 2023; and

21   executed noncompete agreements relating to their employment." Pankratz Decl. at ¶ 2, Ex. 1.

22       (b)    Since January 1, 2020, Herc Rentals provided approximately 70

23   Washington employees who may have earned a base salary of less than the alleged amounts in

24   Plaintiff's Complaint with restrictive covenant agreements. Myers Decl. at ¶ 4.

25

26

DEFENDANT HERC RENTALS INC.'S
NOTICE OF REMOVAL - 6
Case No. 3:23-cv-05843

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

(c)    Plaintiff also requests individual statutory damages of $10,000 pursuant to RCW 49.44.211, which provides that an employer who violates RCW 49.44.211 is liable in a civil action for statutory damages of $10,000.  RCW 49.44.211(7).

(d)    Again, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint.  *Korn*, 536 F. Supp. 2d at 1205.

(e)    Therefore, the amount of statutory damages alleged by Plaintiff amount to ($5,000 x 70) + $10,000 = **$360,000**.

22.    **Attorneys' Fees, Expenses, and Costs.**  Plaintiff seeks attorneys' fees, expenses, and costs under RCW 49.62.080 and RCW 49.44.211, which permits recovery of attorneys' fees to a prevailing plaintiff. RCW 49.62.080, 49.44.211(7).  Statutory attorneys' fees are included in a computation of the amount in controversy.  *Galt G/S*, 142 F.3d at 1155–56.  The Ninth Circuit has held that future attorneys' fees awards are part of the amount in controversy, not just those fees that are incurred at the time of removal.  *Chavez*, 888 F.3d at 417; *Fritsch*, 899 F.3d at 788.  The defendant retains the burden of proving the amount of future attorneys' fees by a preponderance of the evidence.  *Fritsch*, 899 F.3d at 788.

(a)    Washington courts have adopted the lodestar method for calculating reasonable attorney fees that a plaintiff incurs in prosecuting claims under most statutes.  *See, e.g., Collins v. Clark County Fire Dist. No. 5*, 155 Wash. App. 48, 99, 231 P.3d 1211 (2010).  In a single-plaintiff employment lawsuit that the Court described as "not an extraordinary case," the Court approved a lodestar fee of $92,906.50.  *Lane v. Grant County*, 2013 WL 5306986 at *7 (E.D. Wash., Sept. 20, 2013).  Because this is a class action employment lawsuit, attorneys' fees would be significantly greater.

(b)    To determine the amount of attorneys' fees, a removing defendant may estimate the amount of time required by the case and may also estimate plaintiff's counsel's hourly billing rate. *In re Volkswagen*, 2019 WL 957578 at *7–8 (citing *Surber v. Reliance Nat. Indem.*

1    *Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). "The amount of fees commonly incurred in
2    similar litigation can usually be reasonably estimated based on experience." *Adkins v. J.B. Hunt*
3    *Transp., Inc.*, 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) (quoting *Brady v. Mercedes-Benz USA,*
4    *Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002)).

5               (c)    Courts in the Ninth Circuit have estimated the number of hours for
6    employment cases between 100 and 300 hours, and have held that a reasonable rate for
7    employment cases is estimated at $300 per hour. *Adkins,* 293 F. Supp. 3d at 1148; *Garcia*, 2014
8    WL 2468344 at *5; *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 at *6 (C.D. Cal.
9    2015).

10              (d)    Therefore, because this is not only a employment case but a class action
11   case, Plaintiff places at least $60,000 of attorneys' fees "at stake" (200 hours x $300 per hour).
12   Such an estimate is extremely conservative.

13       23.    **Summary.** When combined, Plaintiff's claims for statutory damages ($360,000)
14   and attorneys' fees, costs, and expenses ($60,000) easily exceed the $75,000 jurisdictional
15   threshold. *See supra.*

16       **III.    ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

17       24.    This Court is the appropriate venue for removal because it is the federal district
18   court for the district and division where the above-described Pierce County Superior Court case is
19   pending. *See* 28 U.S.C. § 1441(a).

20       25.    This Notice of Removal is being timely filed within 30 days of August 17, 2023,
21   when, according to Plaintiff's Declaration of Service, Defendant received notice of the pleadings
22   upon which this removal is based; additionally, this action may be removed on the basis of
23   jurisdiction conferred by 28 U.S.C. § 1331 because it is filed within one (1) year of the filing of
24   the original complaint in this action in state court. *See* 28 U.S.C. § 1446(b).

25

26

26.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Pierce County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court."

27.     As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Defendant served Plaintiff with this Notice of Removal and with its Notice to State Court of Removal to Federal Court.

## IV.    CONCLUSION

WHEREFORE, Defendant Herc Rentals Inc. respectfully requests that this case be removed from the Pierce County Superior Court of the State of Washington to this Court. Defendant reserves, and does not waive, any objections they may have to jurisdiction, venue, and any and all other defenses or objections to this action.

Respectfully submitted this 18th day of September, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Adam T. Pankratz*
    Adam T. Pankratz, WSBA #50951
    1201 Third Avenue, Suite 5150
    Seattle, WA  98101
    Telephone: (206) 693-7057
    Facsimile: (206) 693-7058
    Email:    adam.pankratz@ogletree.com

*Attorneys for Defendant Herc Rentals Inc.*

DEFENDANT HERC RENTALS INC.'S
NOTICE OF REMOVAL - 9
Case No. 3:23-cv-05843

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

## <u>CERTIFICATE OF SERVICE</u>

2

     I hereby certify that on September 18, 2023, I served the foregoing DEFENDANT HERC

3

RENTALS INC.'S NOTICE OF REMOVAL via the method(s) below to the following parties:

4

       James B. Pizl, WSBA #28969
       Justin O. Abbasi, WSBA #53582

5

       ENTENTE LAW PLLC
       315 39th Avenue SW, Suite 14

6

       Puyallup, WA 98373-3690
       Telephone: (253) 446-7668

7

       Facsimile: (253) 251-1276

8

       Email:   jim@ententelaw.com
                justin@ententelaw.com

9

       *Attorneys for Plaintiff Edward J. Barry*

10

11

☒     by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

12

13

☐     by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

14

15

☒     by **e-mailing** a true and correct copy to the last known email address of each person listed above.

16

     SIGNED THIS 18th day of September, 2023 at Seattle, Washington.

17

18

                 OGLETREE, DEAKINS, NASH, SMOAK
                 & STEWART, P.C.

19

                 By: */s/ Cheryl L. Kelley*

20

                     Cheryl L. Kelley, Practice Assistant
                     cheryl.kelley@ogletree.com

21

22

23

24

25

26

DEFENDANT HERC RENTALS INC.'S
NOTICE OF REMOVAL - 10
Case No. 3:23-cv-05843

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058